UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

MARK SHELL )
 )
v. ) NO. 2:11-CV-165
 ) *Greer/Inman*
CARTER COUNTY SHERIFF'S DEP'T )

## MEMORANDUM and ORDER

Acting *pro se*, Mark Shell, a former inmate in the Carter County Detention Center (hereinafter "CCDC"), has submitted a civil rights complaint for damages and injunctive relief under 42 U.S.C. § 1983, (Doc. 2). Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, (Doc. 1).

### I. Factual Allegations

Plaintiff has sued the Carter County Sheriff's Department in connection with the alleged unconstitutional conditions to which he was subjected in February - June of 2010, while he was confined in the CCDC. More specifically, plaintiff alleges that he was housed in an overcrowded 12 x 14 foot cell for some four months; that four of the six inmates in the cell had to sleep on the floor; that, during a one-week period, he was locked down and not allowed to shower or shave; that he was deprived of outdoor exercise for up to two months and drinking water for 3-4 days, due to a faulty sink; and that he was exposed to asbestos and black mold from a leak or a hole in the ceiling.

Also, plaintiff maintains that he was placed in protective custody, due to his former employment with the Tennessee Department of Correction, but assigned to a cell with inmates who either had a history of violence or were charged with violent crimes. Thereafter, plaintiff twice was assaulted by a psychotic cell mate, who had been charged with aggravated assault. (Plaintiff attributes the assaultive behavior to the refusal by the staff/doctor to supply the cell mate with the medication he needed to treat his mental condition.) Plaintiff apprised members of the CCDC staff of the incident, but was told to remain in the same cell with his assailant.

Plaintiff would have the overcrowding at the CCDC alleviated, the leak in "F" Block day room repaired, violent inmates in protective custody separated from non-violent ones, and compensation for his pain and suffering.

## II. Screening Procedure

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 609 (6th Cir. 1997) (finding that section 1915(e)(2) applies to complaints filed *in forma pauperis* by prisoners and non-prisoners alike), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If the complaint does not state a claim or is frivolous, malicious, or seeks damages from an immune defendant, this suit must be dismissed. In performing this task, the Court bears in mind

2

that the pleadings of *pro se* litigants must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III. Law and Analysis

**A. Claims Against the Defendant**

The only defendant named in the complaint is the Carter County Sheriff's Department. However this defendant is a non-suable entity under § 1983. *See Monell v. Dep't of Soc. Serve.*, 436 U.S. 658, 690 & n. 55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Brock v. Warren County, Tenn.*, 713 F.Supp 238 (E.D. Tenn. 1989) (ruling that a sheriff's department is not a "person" subject to suit); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (finding that a police department is not a suable entity). Therefore, plaintiff has failed to state a claim against this defendant.

**B. Claims for Injunctive Relief**

The jurisdiction of federal courts is limited to "cases and controversies." U.S. CONST. art. III, § 2, cl.1. A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *Cleveland Branch, NAACP*, 263 F.3d at 530 (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Here, plaintiff seeks injunctive relief from the alleged wrongful conditions to which he was subjected at the CCDC, but he was released from that facility

3

well before he filed this suit. Clearly, it would not benefit plaintiff in the slightest to have the conditions at the CCDC of which he complains corrected because he is no longer confined there and does not indicate that he expects to be imprisoned in the CCDC in the future. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (noting that "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

**C. Eighth Amendment Claims**

The Eighth Amendment to the United States Constitution proscribes punishments which involve the unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Moreover, "the right to personal security constitutes a historic liberty interest. . . [a]nd that right is not extinguished by lawful confinement, even for penal purposes." *Youngberg v. Romeo*, 457 U.S. 307, 315-316, (1982) (citations and internal quotation marks omitted). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society;" so that prison officials have a constitutional duty to protect prisoners who are committed to their care from the violent acts of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)

4

(citation and internal quotation marks omitted). An inmate's allegation that correctional authorities have failed to protect him from an assault by another inmate may state an Eighth Amendment claim under § 1983. *Id.*

An Eighth Amendment claim has both an objective and a subjective component. *Id.* at 834. The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Ibid.* The subjective component requires a showing of a sufficiently culpable state of mind—one of deliberate indifference. *Id.* at 842. Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

When prison conditions are concerned, a sufficiently serious deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36 (emphasis in original). When the duty to protect is implicated, a prisoner must show that he is incarcerated under conditions posing a substantial risk of harm. *Farmer*, 511 U.S. at 834. Deliberate indifference is illustrated by a prison official who acts or fails to act despite knowledge of a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 82. "Deliberate indifference is more than negligence and approaches intentional wrongdoing." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (citation and internal quotation marks omitted).

Overcrowding, in and of itself, is not necessarily unconstitutional, *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996), even if it results in restrictive and harsh conditions, unless the inmate is thereby deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

For screening purposes, the Court will assume, without finding, that the conditions complained of amount to sufficiently serious deprivations of life's basic needs and posed a substantial risk of harm to plaintiff, so as to satisfy the first component of an Eighth Amendment claim.

However, the Court finds no allegations from which to infer that a defendant exhibited deliberate indifference—the second component—towards those deprivations. While plaintiff maintains that he complained to "staff" about his being assaulted by his psychotic cell mate, he does not identify any specific staff member as being the one to whom he voiced his complaints. Nor does he allege that he complained about the housing conditions challenged in this lawsuit.

Thus, because no defendant has been alleged to have actually known about the wrongful confinement conditions or that plaintiff faced a serious risk of harm, the Court is unable to find a conscious disregard of a sufficiently serious deprivation—the mental element of an Eight Amendment claim. Simply put, plaintiff has not demonstrated deliberate indifference. *Farmer*, 511 U.S. at 837 (deliberate indifference shown where official is aware of facts from which to infer that a substantial risk of serious harm exists

6

and where he actually draws the inference). He, therefore, fails to state a Eighth Amendment claim in this regard.

### III. Conclusion.

For the aforementioned reasons, none of plaintiff's allegations state a claim entitling him to relief under § 1983. 28 U.S.C. § 1915(e)(2). This lawsuit will be dismissed accordingly by separate order.

**ENTER:**

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE